1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8   GERI LYN MCKINNON,                                      )
                                                           )
9                          Plaintiff,                       )
                                                           )
10                 v.                                       )          2:12-cv-1809-RCJ-CWH
                                                           )
11   HARTFORD INSURANCE COMPANY OF                          )          **ORDER**
     THE MIDWEST, DOES 1 through 10, and                    )
12   DOE AGENCIES 1 through 10; ROE                         )
     CORPORATIONS 1 through 10, inclusive,                  )
13                                                         )
                                                           )
14                          Defendants.                     )
                                                           )
15   _____ )

16          Currently before the Court is Defendant Hartford Insurance Company of the Midwest's

     Motion to Dismiss Plaintiff's Extra-Contractual Claims (#4).
17

                                        **BACKGROUND**
18

19          In October 2012, Defendant Hartford Insurance Company of the Midwest filed a petition

20   for removal based on diversity jurisdiction and attached the complaint from the Eighth Judicial

     District in Clark County, Nevada.  (Pet. for Removal (#1) at 1-2; Compl. (#1-3) at 3-12).  In the
21

22   complaint, Plaintiff Geri Lyn McKinnon sued Defendant Hartford Insurance Company of the

     Midwest ("Defendant").  (Compl. (#1-3) at 3).
23

24          The complaint alleged the following.  (*Id.*).  On April 15, 2010, Plaintiff was involved in

25   a collision of which she was the fault-free driver.  (*Id.* at 5).  Specifically, while on Decatur

     Boulevard in Las Vegas, Marcey Lynn Olivas collided with Linda Joyce Giesler's vehicle and
26

27   the force of the impact from that collision caused Olivas's vehicle to violently strike the front

28   of Plaintiff's vehicle while Plaintiff was stopped at an exit of a private driveway on Decatur

     Boulevard.  (*Id.* at 5-6).  The force of the collision caused property damage to Plaintiff's vehicle

and bodily injury to Plaintiff.  (*Id.* at 6).  Prior to the collision, Plaintiff had purchased and paid premiums for a policy of automobile insurance from Defendant which included $100,000/$300,000 of underinsured/uninsured coverage ("UIM policy").  (*Id.*).  Plaintiff was treated for injuries arising from the collision and incurred "in excess of $29,296.23 in past medical expenses, which included treatment for a traumatic spine injury, which [did] not include future medical expenses recommended by her medical providers and related to the incident, past or future pain, suffering, and loss of enjoyment of life damages, or loss of household service and wage loss, past and future."  (*Id.*).

The complaint alleged that, at Plaintiff's request, Olivas's insurer, National Guaranty Insurance Co., paid the entire liability policy limit for adverse driver to Plaintiff in the amount of $15,000.  (*Id.*).  At Plaintiff's request, Giesler's insurer, Liberty Mutual Fire Insurance Co., paid the entire liability policy limit for adverse driver to Plaintiff in the amount of $100,000.  (*Id.*).  Plaintiff made a claim for her $100,000 limit under her UIM policy but Defendant denied her claim on January 4, 2012.  (*Id.*).

Plaintiff alleged six causes of action. (*Id*. at 7-11).  In the first cause of action, Plaintiff alleged a breach of contract based on Defendant's failure to pay Plaintiff her benefits due under the UIM policy.  (*Id*. at 7).  Plaintiff alleged that Defendant's failure to pay her benefits was a material breach of the insurance contract.  (*Id.*).

In the second cause of action, Plaintiff alleged a violation of the Unfair Claims Practices Act.  (*Id.*).  Plaintiff alleged that Defendant's "actions were in violation of provisions of the Unfair Claims Practices Act (NRS 686A.310 et seq.), violation of which was done with [Defendant's] actual and/or implied knowledge."  (*Id*. at 8).  Plaintiff alleged that Defendant denied her insurance benefits "with a conscious disregard for the rights of the Plaintiff, that [rose] to the level of oppression, fraud, or malice."  (*Id.*).

In the third cause of action, Plaintiff alleged a breach of the covenant of good faith and fair dealing–bad faith.  (*Id.*).  Plaintiff alleged that "[i]nherent in every contract [was] an implied covenant of good faith and fair dealing" and that Defendant "failed to deal fairly and in good faith with Plaintiff by denying, without a reasonable basis or proper cause, Plaintiff's

underinsured/uninsured motorist benefits due under her insurance policy." (*Id.*).

In the fourth cause of action, Plaintiff alleged a breach of fiduciary duty. (*Id.* at 9). Plaintiff alleged that Defendant held itself out as a fiduciary by selling insurance policies to the public, issuing a motor vehicle insurance policy to Plaintiff, and by accepting premiums. (*Id.*). Defendant owed Plaintiff a fiduciary duty and breached that duty by Defendant's "unreasonable and unjustifiable failure to pay" Plaintiff's UIM policy. (*Id.*).

In the fifth cause of action, Plaintiff alleged misrepresentation. (*Id.* at 10). Plaintiff alleged that Defendant was engaged in the business of selling and providing insurance products to the public and that Defendant, through its agents, "made written promises to Plaintiff contained in the written policies of insurance stating that in the event Plaintiff was injured by an underinsured and/or uninsured motorist" Defendant would provide benefits to Plaintiff. (*Id.*). Defendant made the promise to pay underinsured and uninsured benefits for the purpose of inducing Plaintiff to enter into the insurance policy and to pay additional premiums. (*Id.*). Defendant, "despite [its] representations, never at any time intended to comply with those representations and in fact, constantly refused to do so, and thereby made these representations with the intent to defraud Plaintiff." (*Id.*). Defendant "made to the Plaintiff certain misrepresentations of material facts concerning the underinsured and uninsured policy" and Plaintiff "justifiably relied on such misrepresentation." (*Id.*).

In the sixth cause of action, Plaintiff alleged punitive damages. (*Id.* at 11). Plaintiff alleged that Defendant had actual knowledge that it would not pay Plaintiff's benefits and that Defendant's conduct amounted to "fraud, malice, or oppression, and establishe[d] a willingness on the part of [Defendant] to create the risk of injury to foreseeable users of [its] products, including Plaintiff." (*Id.*). The conduct "should be punished." (*Id.*).

Plaintiff sought compensatory and/or expectation damages for the denied policy benefits; consequential and/or incidental damages, including attorney fees and emotional distress; general, special, and punitive damages in excess of $10,000; interest from the time of service of the complaint; reasonable attorneys' fees; taxable costs, and further relief as the Court deemed appropriate. (*Id.* at 12).

3

1

**LEGAL STANDARD**

2     When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

3 court must accept as true all factual allegations in the complaint as well as all reasonable

4 inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150

5 n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the

6 nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the

7 court should only look to the contents of the complaint during its review of a Rule 12(b)(6)

8 motion to dismiss.  However, the court may consider documents attached to the complaint or

9 referred to in the complaint whose authenticity no party questions.  *Id.*; *see Durning v. First*

10 *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

11     The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a

12 claim is to test the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th

13 Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant

14 is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

15 249 (9th Cir. 1997) (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does

16 not need detailed factual allegations;  rather, it must plead "enough facts to state a claim to

17 relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022

18 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

19 1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949,

20 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads

21 factual content that allows the court to draw the reasonable inference that the defendant is

22 liable for the misconduct alleged").  Even though a complaint does not need "detailed factual

23 allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be

24 enough to raise a right to relief above the speculative level . . . on the assumption that all the

25 allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127

26 S.Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

27 elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.  "Nor

28 does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*,  371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendant files a motion to dismiss Plaintiff's extra-contractual claims, specifically claims for (a) breach of the Unfair Claims Practices Act, (b) breach of the covenant of good faith and fair dealing–bad faith, (c) breach of fiduciary duty, (d) misrepresentation, and (e) punitive damages. (Mot. to Dismiss (#4) at 1).  Defendant moves to dismiss the Unfair Claims Practices Act claim because Plaintiff fails to plead any facts to support such a claim.  (*Id.* at 4).  Defendant asserts that the Unfair Claims Practices Act lists 16 different categories of prohibited conduct and that Plaintiff's complaint fails to place Defendant on notice of which provision it allegedly violated.  (*Id.* at 5).  Defendant fails to state a claim for the contractual breach of the covenant of good faith and fair dealing because she has not pled any facts that demonstrate that Defendant complied with the express terms of the policy but violated the intention and spirit of it.  (*Id.* at 6).  Defendant fails to state a claim for the tortious breach of the covenant of good faith and fair dealing (bad faith) because Plaintiff fails to allege any facts that support such a claim.  (*Id.* at 7-8).  Defendant moves to dismiss the breach of fiduciary claim because an insurer is not a fiduciary in Nevada.  (*Id.* at 9).  Defendant moves to dismiss the misrepresentation claim because allegations of breach of contract do not give rise to a fraud claim and Defendant failed to plead the claim with Rule 9(b) specificity.  (*Id.* at 11).  Defendant asserts that punitive damages is not an independent basis for recovery.  (*Id.* at 13).

In response, Plaintiff argues that it does not have to plead actual facts but only needs

1   to plead operative facts.  (Opp'n to Mot. to Dismiss (#9) at 4).  Plaintiff argues that she

2   provided sufficient facts to show that the claims are plausible on their face.  (*Id.* at 5).  Plaintiff

3   asserts that, without discovery, she is unsure why Defendant denied her claim because

4   Defendant did not provide her with a reasonable explanation.  (*Id.*).  Plaintiff asserts that this

5   constitutes unfair practice under NRS § 686A.310(1)(n).  (*Id.* at 6).  Plaintiff argues that

6   "numerous provisions" within the Unfair Claims Practices Act prohibit oppression, fraud, or

7   malice.  (*Id.*).  Plaintiff argues that she has provided sufficient information to the Court to make

8   a reasonable inference that Defendant violated numerous provisions under the Act.  (*Id.* at 6-

9   7).  Plaintiff asserts that Defendant contractually breached the covenant of good faith and fair

10  dealing because she had paid her premiums and Defendant denied her claim.  (*Id.* at 9).

11  Plaintiff argues that she pled sufficient facts for the tortious breach of the covenant of good

12  faith and fair dealing (bad faith) because Defendant denied coverage that she rightfully

13  deserved and reasonably expected would cover her unpaid medical bills.[1]  (*Id.* at 10).  Plaintiff

14  argues that her breach of fiduciary duty claim should be incorporated into her bad faith claim

15  and should not be dismissed.  (*Id.* at 13).  Plaintiff argues that she pled misrepresentation with

16  as much particularity as could be done without discovery.  (*Id.* at 13-14).  Plaintiff argues that

17  punitive damages are appropriate in this case.  (*Id.*).  Plaintiff seeks leave to amend her

18  complaint if the Court grants the motion to dismiss.  (*Id.* at 14).

19      In reply, Defendant argues that Plaintiff cannot rely on discovery to provide missing

20  facts from her complaint.  (Reply to Mot. to Dismiss (#11) at 3).

21      Pursuant to the Unfair Claims Practices Act, NRS § 686A.310, an insurer's action is

22  considered an unfair practice if it engages in one or more of the following activities:

23      (a) Misrepresenting to insureds or claimants pertinent facts or insurance policy
        provisions relating to any coverage at issue.

24      (b) Failing to acknowledge and act reasonably promptly upon communications

25

26      _____

27      [1]  The Court notes that Plaintiff has attached exhibits to its opposition in an attempt to
        establish that she has stated a claim.  (*See* Exhibits (#9-1, 9-2)).  The Court will not consider
        the matters outside the pleadings at this time.  *See* Fed. R. Civ. P. 12(d) (stating that if the

28      Court considers matters outside of the pleadings on a Rule 12(b)(6), the motion must be
        treated as one for summary judgment).

with respect to claims arising under insurance policies.

(c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

(d) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

(e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

(f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

(g) Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application.

(h) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured, or the representative, agent or broker of the insured.

(i) Failing, upon payment of a claim, to inform insureds or beneficiaries of the coverage under which payment is made.

(j) Making known to insureds or claimants a practice of the insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration.

(k) Delaying the investigation or payment of claims by requiring an insured or a claimant, or the physician of either, to submit a preliminary claim report, and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

(l) Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

(m) Failing to comply with the provisions of NRS 687B.310 to 687B.390, inclusive, or 687B.410.

(n) Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.

(o) Advising an insured or claimant not to seek legal counsel.

(p) Misleading an insured or claimant concerning any applicable statute of limitations.

7

1  Nev. Rev. Stat. § 686A.310(1)(a)-(p).

2         With respect to the second cause of action, the Court finds that Plaintiff fails to state
3  a claim under the Unfair Claims Practices Act because she provides no facts surrounding
4  Defendant's denial of her claim and instead concludes that Defendant's denial of her claim
5  rose to the "level of oppression, fraud, or malice." (*See* Compl. (#1-3) at 8).  The Court notes
6  that Plaintiff attempts to make a blanket assertion that Defendant violated the Unfair Claims
7  Practices Act but does not indicate which provision of the Act Defendant allegedly violated.
8  Additionally, Plaintiff does not provide any facts in her complaint that demonstrate a violation
9  of one of the Act's provisions.  As such, the Court grants Defendant's motion to dismiss the
10 second cause of action for failure to state a claim.  However, because Plaintiff attempts to
11 argue in her response for facts that would support a violation of NRS § 686A.310(1)(n), the
12 Court grants Plaintiff leave to amend to plead a cause of action under NRS § 686A.310(1)(n).

13        With respect to the third cause of action, the Court finds that Plaintiff fails to state a
14 claim for the contractual or tortious breach of the covenant of good faith and fair dealing.  A
15 contractual breach of the covenant of good faith and fair dealing arises when "terms of a
16 contract are literally complied with but one party to the contract deliberately countervenes the
17 intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808
18 P.2d 919, 922-23 (Nev. 1991).  Plaintiff has not made any allegations in her complaint that
19 would support this cause of action.  To the contrary, Plaintiff argues that Defendant did not
20 comply with the terms of the contract.  (*See* Compl. (#1-3) at 7).

21        A violation of the covenant of good faith and fair dealing in the insurance context gives
22 rise to a bad-faith tort claim.  *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009).  To
23 establish a prima facie case of bad-faith refusal to pay an insurance claim, "the plaintiff must
24 establish that the insurer had no reasonable basis for disputing coverage, and that the insurer
25 knew or recklessly disregarded the fact that there was no reasonable basis for disputing
26 coverage." *Powers v. United Services Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998) *opinion
27 modified on denial of reh'g*, 979 P.2d 1286 (1999).

28        In this case, the Court finds that, as pled, Plaintiff fails to state a claim for bad faith.

8

1

2

3

4

5

6

7

8

9

10

The Court finds that, although Plaintiff alleges that Defendant "failed to deal fairly and in good faith with Plaintiff by denying, without a reasonable basis or proper cause, Plaintiff's underinsured/uninsured motorist benefits due under her insurance policy," the complaint does not allege why there was no reasonable basis or proper cause to deny her claim. (*See* Compl. (#1-3) at 8-9). Nonetheless, the Court will grant Plaintiff leave to amend this cause of action because, in her response, Plaintiff argues that her documented future medical costs are a minimum of $277,560 and that she only received $115,000 from the other drivers' insurance companies. (*See* Opp'n to Mot. to Dismiss (#9) at 9). As such, the Court grants Defendant's motion to dismiss the third cause of action, but grants Plaintiff leave to amend her claim for the tortious breach of the covenant of good faith and fair dealing (bad faith).

11

12

13

14

15

16

17

With respect to the fourth cause of action, the Court grants Defendant's motion to dismiss the claim for breach of fiduciary duty because there is no independent cause of action for breach of the fiduciary duty in the insurer-insured context. The Nevada Supreme Court has declined to adopt a new cause of action in that context and has held that "breach of the fiduciary nature of the insurer-insured relationship is part of the duty of good faith and fair dealing." *Powers*, 962 P.2d at 603. As such, the Court grants Defendant's motion to dismiss the fourth cause of action without leave to amend.

18

19

20

21

22

23

24

25

26

27

28

With respect to the fifth cause of action, the Court grants Defendant's motion to dismiss the misrepresentation claim for failure to plead fraud with specificity under Rule 9(b). Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id*. A "plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a

9

statement, and why it is false." *Id*. In Nevada, the elements of fraudulent misrepresentation are: "(1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).

In this case, Plaintiff fails to allege fraudulent misrepresentation with specificity. Her complaint does not contain any specifics and only states that Defendant "made written promises . . . in the written policies of insurance" that it would provide benefits to Plaintiff if Plaintiff was injured and that, despite its representations, Defendant "never at any time intended to comply with those representations." (*See* Compl. (#1-3) at 10). As such, the Court grants Defendant's motion to dismiss the fifth cause of action but grants Plaintiff leave to amend so that she may plead misrepresentation with Rule 9(b) specificity.

With respect to the sixth cause of action, the Court grants Defendant's motion to dismiss the claim for punitive damages because punitive damages is a remedy and not a claim. *See Zaragoza v. Bennett-Haron*, 828 F.Supp.2d 1195, 1202 (D. Nev. 2011) (acknowledging that punitive damages is a remedy and not a claim). The Court notes that Plaintiff seeks punitive damages as a remedy in her prayer for relief. (*See* Compl. (#1-3) at 12).

As such, the Court grants Defendant's Motion to Dismiss Plaintiff's Extra-Contractual Claims with leave to amend the second, third, and fourth causes of action as directed above. Specifically, the Court grants Plaintiff leave to state an Unfair Claims Practices Act cause of action under NRS § 686A.310(1)(n). The Court also grants Plaintiff leave to amend her tortious breach of the covenant of good faith and fair dealing claim (bad faith) to include the requisite factual allegations. The Court further grants Plaintiff leave to amend her fraudulent misrepresentation claim with the specificity required by Rule 9(b). The Court instructs Defendant to file another motion to dismiss if the complaint fails to state a claim upon amendment.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Hartford's Motion to Dismiss Plaintiff's Extra-Contractual Claims (#4) is GRANTED in its entirety with leave to amend the second, third, and fourth causes of action as instructed above by this Court.  Plaintiff shall file a first amended complaint within 20 days of this order.

Dated this 11th day of March, 2013.


United States District Judge

11